UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES ALBERT BARKER, III,

Plaintiff,

v.

Case No. 26-cv-795-pp

SAMUEL A. CHRISTENSEN,
AMY VANDERHOEF and RANDY R. KOSCHNICK,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (DKT. NO. 3) AND STAYING AND ADMINISTRATIVELY CLOSING CASE PENDING CONCLUSION OF PLAINTIFF'S STATE APPEALS**

---

On May 5, 2026, the plaintiff, who is representing himself, filed a complaint alleging that Wisconsin court employees had violated his constitutional rights through their administrative work in connection with his Wisconsin criminal case. Dkt. No. 1. With his complaint, the plaintiff filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. The plaintiff also filed a motion for a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65(b). Dkt. No. 3. In this motion, the plaintiff asks the court to order defendant Amy Vanderhoef to transmit the appellate record from his state criminal case to the Wisconsin Court of Appeals and order defendant Samuel Christensen to recuse himself from all administrative duties related to the plaintiff's state cases. Id. at 8.

The court will grant the plaintiff's motion to proceed without prepaying the filing fee, deny his motion for a temporary restraining order and preliminary injunction, screen his complaint and stay this federal case.

## I. Motion for Leave to Proceed Without Prepaying the Filing Fee

To allow the plaintiff to proceed without prepaying the filing fee, the court must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that he is employed at Kerry Ingredients and earns $3,400 a month. Dkt. No. 2 at 2. He reports that he has two children that he supports—a combined cost of $950 per month. Id. at 1. He states that he has $2,320 in other monthly expenses, including rent, a car payment, credit card debt, groceries, prescriptions and car insurance. Id. at 2–3. The plaintiff reports he has a truck worth $19,000 and $300 in his bank account. Id. at 3. Based on the information in the request, the court concludes that the plaintiff does not have the ability to pre-pay the filing fee. The plaintiff must pay the filing fee over time, as he is able.

## II. Younger Abstention

The plaintiff has appealed his state criminal conviction; the appeal is pending. State of Wisconsin v. Barker, Racine County Case No. 2026AP902-CR (available at https://wscca.wicourts.gov). This court must determine whether, under Younger v. Harris, 401 U.S. 37, 53–54 (1971), it must abstain from

exercising jurisdiction over the plaintiff's federal claims because they may interfere with the state appeal.

A. The Plaintiff's Allegations

The plaintiff sues three employees of the Wisconsin court system for allegedly violating his constitutional rights over the last ten years in connection with his state criminal case. Dkt. No. 1 at 1–3. The plaintiff explains that in November 2018, a jury found him guilty of conspiracy to commit felony theft. Id. at 4; see Wis. Stat. §943.20. The plaintiff states that "[c]ivil restitution judgments totaling $86,470.97 were entered March 11, 2026." Dkt. No. 1 at 4. He also explains that he "has a pending Wis. Stat. § 974.06 post-conviction motion filed May 4, 2026[1] and a pending appeal (Appeal No. 2026AP000902 CR)." Id.

The plaintiff asserts that Samuel Christensen was the Racine County Clerk of Circuit Court from 2015 to 2023 and currently is the clerk of the Wisconsin Supreme Court and Court of Appeals. Id. at 3. The plaintiff sues him in his individual and official capacities. Id. He claims that Amy Vanderhoef was the Racine County Clerk's felony case manager but now is the Racine County Clerk of Circuit Court; he also sues Vanderhoef in her individual and official capacities. Id. Randy Koschnick was the Director of State Courts, and the plaintiff sues him in his individual capacity. Id.

---

[1] The state circuit court appears to have denied his motion on July 16, 2026. State v. Barker, Case No. 2015CF627 (available at https://wcca.wicourts.gov).

The plaintiff alleges that starting in the spring of 2016, Vanderhoef—then the felony case manager—obstructed the plaintiff from obtaining the warrants from his criminal case by directing him to the ADA (presumably assistant district attorney), who directed him back to the clerk. Id. at 4. The plaintiff states that Vanderhoef gave him only two warrants without notary seals and incorrectly stated that "State law does not require a notary seal anymore on documents." Id. at 4–5. The plaintiff alleges that Vanderhoef's false statement made his attorney stop investigating the "constitutional defect" of the lack of seal. Id. at 5. He contends that a warrant without a seal is invalid. Id. at 4–5 (citing Wis. Stat. §137.01(4); State v. Tye, 248 Wis. 2d 530 (Wis. 2001); Park 6 LLC v. City of Racine, 344 Wis. 2d 661 (Wis. Ct. App. 2012)).

The plaintiff alleges that on November 29, 2016, he demanded "the ASP appointment document"[2] from Vanderhoef, and that Vanderhoef "produced a document . . . [that] had a completely blank Oath and Consent to Serve section." Id. at 5–6. The plaintiff contends that Vanderhoef created this document due to suspicious timing between the time another clerk told him there was no "ASP document" and the time Vanderhoef gave him the incomplete version. Id. at 6–7. The plaintiff details a video of his encounter with Vanderhoef and other staff. Id. at 7–8.

The plaintiff states that the next day, "Wisconsin DOA Legal Counsel Elisabeth Winterhack provided Version 2 in response to Plaintiff's public

[2] The plaintiff never explains what this document is, but it could be Wisconsin's "Appointment of Special Prosecutor" forms CR-210A, CR-210B and CR-210C.

records request—identical to Version 1 except Johnson's completed oath now appeared." Id. at 6. The plaintiff alleges someone backdated the document. Id. The plaintiff contends that in the spring of 2018, "[a] third version (Version 3) appeared in CCAP ['Consolidated Court Automation Programs'] on April 13, 2018 . . . signed by Judge Timothy Boyle, who was not the presiding judge; with the DOA affidavit checkbox unchecked despite the form identifying this required under § 978.045(1r)[.]" Id. The plaintiff claims that "[a]ll three versions were produced through the administrative pipeline controlled by Christensen and Vanderhoef." Id. He contends that Park 6 LLC bars a retroactive cure. Id.

The plaintiff claims that in May of 2026, Vanderhoef failed to respond to the plaintiff's public records request and failed to transmit the appellate record in his April 14, 2026 appeal. Id. at 11–12.

The plaintiff lists what he calls "Christensen's Administrative Failures" from 2015–2023. Id. at 9. The plaintiff alleges that Christensen failed to act on defective warrants despite the plaintiff alerting him to them in January 2016. Id. The plaintiff lists seven other administrative failures, including Christensen failing to enter exculpatory documents on the record, not sufficiently addressing the plaintiff's concerns and working on the plaintiff's case despite a conflict of interest. Id. at 9–11.

The plaintiff alleges that "[s]ince his 2023 appointment as Clerk of both Wisconsin appellate courts, Christensen has signed three dispositive orders in proceedings that directly challenge his own prior conduct — establishing the structural due process violation at the core of Count One." Id. at 11.

- Order 1 - April 22, 2026 (Exhibit A): Wisconsin Supreme Court, Case No. 2026AP000019-OA. Christensen signed ex parte denial of Plaintiff's Original Action petition challenging warrant records custodial failures that occurred on his watch. No justice or commissioner named as reviewing officer.
- Order 2 - May 1, 2026 (Exhibit B): Wisconsin Supreme Court reconsideration denial. States 'by its Commissioners' but signed solely by Christensen. No commissioner identified. Director of State Courts Skwierawski served by U.S. Mail rather than electronic notice - confirming administrative-level awareness of the conflict.
- Order 3 - May 4, 2026 (Exhibit C): Wisconsin Court of Appeals, Appeal No, 2026AP000902 CR. Christensen signed the denial of Plaintiff's motion specifically seeking Christensen's recusal. The order states 'Before Neubauer, P.J.' but is signed solely by Christensen. The conflicted officer processed and signed his own recusal denial on the same date this complaint was filed.

Id. The plaintiff contends that "[b]ecause no identified judicial officer directed or supervised any of the three specific signing acts, Christensen was acting in a purely administrative capacity and quasi-judicial immunity does not attach." Id. (citing Sindram v. Suda, 986 F.2d 1459 (D.C. Cir. 1993)).

The plaintiff alleges that in 2015, Vanderhoef, Koschnick and Christensen were involved in reassigning the plaintiff's case to "Ptacek," whom the plaintiff alleges should have been mandatorily disqualified under Wis. Stat. §757.19(2)(d). Id. at 12.

The plaintiff argues that Vanderhoef and Christensen have cut him off from the circuit court and appellate court and that any attempts to address their conflicts of interest are routed back to them. Id. at 13. The plaintiff also argues that Heck v. Humphrey does not bar any of his claims because "[a]ll counts arise from Defendants' administrative conduct independently of the conviction's validity." Id. at 2 (citing Heck v. Humphrey, 512 U.S. 477 (1994)).

The plaintiff contends that the official capacity claims seek prospective injunctive relief, making them proper under *Ex Parte* Young. Id. (citing *Ex Parte* Young, 209 U.S. 123 (1908)). He also argues that the defendants are not entitled to quasi-judicial immunity for the individual capacity suits because "the administrative acts alleged here . . . fall outside of that protection." Id. (citing Sindram v. Suda, 986 F.2d 1459 (D.C. Cir. 1993); Antoine v. Byers & Anderson, 508 U.S. 429 (1993)).

The plaintiff makes seven claims. Claim one is a Fourteenth Amendment Due Process claim against Christensen based on Christensen "signing three dispositive orders across two courts[.]" Id. at 13–14. Claim two is a Fourteenth Amendment Due Process claim against Christensen based on his administrative record failures. Id. at 14. Claim three is a Fourteenth Amendment Due Process claim against Vanderhoef based on her false statement about seals on warrants and a "pattern of obstruction." Id. Claim four is a First Amendment retaliation claim against Christensen, alleging that "Christensen's signing of denial orders in proceedings where Plaintiff named him in sworn criminal complaints . . . constitutes retaliation against Plaintiff for petitioning the government for redress of grievances[.]" Id. at 15. Claim five is a conspiracy claim against Christensen and Vanderhoef encompassing conduct from 2015 to 2026. Id. at 15–16. Claim six is a Fourteenth Amendment Due Process claim against Koschnick based on Koschnick processing "a facially defective assignment order[.]" Id. at 16–17. Claim seven is a Fourth Amendment "Obstruction of a Constitutional Warrant Challenge"

claim against Vanderhoef and Christensen based on Vanderhoef's "false notarization statement" that "terminated the warrant authenticity investigation" and "Christensen's failure to file 28 of 39 documents bearing on warrant defects[.]" Id. at 17.

The plaintiff requests the following relief:

- Declare that Christensen's signing of three dispositive orders in proceedings challenging his own conduct, without identified judicial supervision, violates the Due Process Clause and is not protected by quasi-judicial immunity;
- Declare that Vanderhoef's false statement of law contradicting Wis. Stat. § 137.01(4), State v. Tye, and Park 6 LLC, and her pattern of records obstruction, constitute due process and Fourth Amendment violations;
- Declare that Defendants' administrative conduct systematically deprived Plaintiff of his Fourth Amendment right under Franks v. Delaware to have warrant defects adjudicated through the suppression process;
- Issue a preliminary and permanent injunction directing Christensen to recuse himself from all administrative duties in Plaintiff's pending state court proceedings and directing reassignment to a neutral officer with no connection to Racine County or the Second Administrative District;
- Issue a preliminary and permanent injunction directing Vanderhoef to respond to Plaintiff's public records request within 5 business days and to immediately transmit the complete appellate record in Appeal No. 2026AP000902 CR;
- Order that the April 22, May 1, and May 4, 2026 orders signed by Christensen be declared void and those proceedings reassigned to a neutral officer;
- Award compensatory and punitive damages against Defendants individually;
- Award costs and such other relief as this Court deems just and proper.

Id. at 18.

The plaintiff attached several emails between himself and the defendants and two Wisconsin court orders denying his requested relief. Dkt. No. 1-2.

B. Analysis

Assuming without deciding that the plaintiff has sufficiently pleaded the rest of his claims, and assuming without deciding that he is correct that none of the defendants are protected by judicial immunity, the court still must stay his case on Younger grounds. Despite his assertions to the contrary, the plaintiff plainly is asking the court to insert itself into ongoing state criminal proceedings.

The plaintiff has appealed the restitution order from his circuit court case to the Wisconsin Court of Appeals. Barker, Case No. 2026AP902-CR.[3] The plaintiff's appellate brief contains many of the same arguments and claims he sets out in his federal complaint. He contends that Judge Ptacek should have been disqualified under Wis. Stat. §757.19. Id., Brief of Appellant at 16–17. He argues that a warrant from his case was invalid. Id. at 17–18.

Beyond these overlapping issues, the relief the plaintiff requests would require this federal court to directly interfere with his state court appeal—possibly even to invalidate his conviction. He asks this federal court to declare that the Wisconsin Court of Appeals' denial of three of his motions violated the Due Process Clause of the Fourteenth Amendment. Dkt. No. 1 at 18. He asks this federal court to do the same for denials by the Wisconsin Supreme Court.

---

[3] The Wisconsin Court System page for the plaintiff's appeal shows that the clerk of court filed the record on May 22, 2026. The plaintiff's request that this court issue "a preliminary and permanent injunction directing Vanderhoef to respond to Plaintiff's public records request within 5 business days and to immediately transmit the complete appellate record" is moot. See Dkt. No. 1 at 18.

Id. The plaintiff asks this court to find that the defendants deprived him of his Fourth Amendment rights and to order "warrant defects adjudicated through the suppression process[.]" Id. He also asks this federal court to order Christensen to recuse himself from the plaintiff's ongoing proceedings. Id. The court cannot grant any of the plaintiff's relief without interfering with the ongoing state criminal proceedings.

Younger "directs federal courts to abstain from exercising jurisdiction over federal claims that seek to interfere with pending state court proceedings." J.B. v. Woodard, 997 F.3d 714, 722 (7th Cir. 2021) (citing Younger, 401 U.S. at 43–44); see Gakuba v. O'Brien, 711 F.3d 751, 754 (7th Cir. 2013) ("*Younger* holds that federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings."). A federal court can avoid this directive only if there are circumstances that create "an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." Kugler v. Helfant, 421 U.S. 117, 125 (1975). Here, the plaintiff has not identified any such extraordinarily pressing need for immediate relief. The plaintiff has not shown he is being denied access to the courts. He may disagree with decisions or the rulings on some of his motions, but that is what the appellate process is for; his allegations do not create "an extraordinarily pressing need for immediate federal equitable relief." See id.

This is not the first time a federal court has told the plaintiff that it cannot interfere with his state court proceeding. The plaintiff attempted to

bring a §1983 claim against Vanderhoef over the same warrant conduct in Barker v. Vanscyoe, Case No. 2:18-cv-253-JPS (E.D. Wis.). In 2018, Judge Stadtmueller stayed the claim on Younger grounds, explaining that "the Court will abstain until the conclusion of the trial and any attendant post-trial proceedings, *including any appeal or collateral review*." Id. Dkt. No. 43 at 28–29 (emphasis added). This court will follow suit—it will abstain until the conclusion of any post-trial proceedings, *including the plaintiff's appeal*. The court will stay the plaintiff's case until his appeal is complete and his state court proceedings are closed. See Simpson v. Rowan, 73 F.3d 134, 138–39 (7th Cir. 1995).

## III. Motion for Temporary Restraining Order and Request for Judicial Notice (Dkt. No. 3)

For the same reasons, the court will deny the plaintiff's motion for a temporary restraining order and preliminary injunction. The plaintiff's motion asks the court to order Vanderhoef to transmit the plaintiff's appellate record to the Wisconsin Court of Appeals (which she already has done) and order Christensen to recuse himself from all his administrative duties regarding the plaintiff's cases. Dkt. No. 3 at 9. To the extent that the plaintiff's motion is not moot, it seeks to disturb ongoing state court proceedings. Nor does this federal court have the authority to order state court administrators to recuse themselves. The court will deny the motion.

The plaintiff filed two other documents. On May 8, 2026, he filed a "Notice of Imminent Deadline Requiring Urgent Ruling on Pending Motion for Temporary Restraining Order," in which he asks the court to rule on his

request for a TRO. Dkt. No. 5. On June 4, 2026, the plaintiff filed a "Notice of Documented Retaliation Concerns and Request for Judicial Notice Pursuant to Federal Rule of Evidence 201." Dkt. No. 6. In this notice, the plaintiff alleges that someone attempted to murder his son and that Racine County has refused to properly investigate the shooting or bring criminal charges against the alleged perpetrator. Id. at 3–5. The plaintiff alleges that Racine County also refused to properly investigate an instance when the plaintiff was a victim of a shooting. Id. at 5–7. The plaintiff states that Racine County law enforcement raided his father's house and wiped home-surveillance footage from the raid. Id. at 8.

The plaintiff also claims that the Racine County Circuit Court was prejudiced against him. Id. at 9. He accuses Judge Ptacek of issuing an illegal gag order on certain evidence and allowing him to view certain evidence under unreasonable conditions. Id. at 9–10. He claims that the court sentenced him despite the fact that he was legally blind at the time and that the court has refused to return the cash bond the plaintiff posted for two of the counts of which the jury acquitted him. Id. at 10–11.

The plaintiff accuses Racine County officials of more misconduct connected to his various state and federal cases. Id. at 12. He claims that on the same day he filed a post-conviction motion in his state court case, Racine County decided to collect civil restitution. Id. The plaintiff also alleges that a Walworth County assistant district attorney denied the plaintiff's open records request. Id. at 13. The plaintiff states that he is providing the same notice to

the Wisconsin Department of Justice and the Federal Bureau of Investigation. Id. at 17. The plaintiff asserts that he is not seeking a TRO or making other claims. Id. at 17–18. He asks for the following relief: "[t]ake judicial notice, pursuant to Federal Rule of Evidence 201, of the matters stated in this Notice;" "[p]reserve this Notice in the record of the present action;" "[c]onsider the matters stated in this Notice in connection with the Court's screening of Plaintiff's Complaint under 28 U.S.C. § 1915 and any subsequent proceedings; and" "[g]rant such other and further relief as the Court deems just and proper." Id. at 18–19

This document isn't a motion, but the court will deny the plaintiff's request and will not take judicial notice of the facts he alleges. Federal Rule of Evidence 201 provides that

> The court may judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known with the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

The plaintiff's allegations are not "generally known" and they cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." They are the plaintiff's uncorroborated version of certain events.

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the case is **STAYED** and **ADMINISTRATIVELY CLOSED** pending the conclusion of the plaintiff's state court proceedings. The court will reopen this case only after the plaintiff notifies the court that his state court appeals have concluded and files a motion to reopen the case.

The court **DENIES** the plaintiff's motion for a temporary restraining order and preliminary injunction. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 20th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**